UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DUSTIN M. PEARSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:26-cv-00362-JPH-CSW |
| | ) |
| DOREAN Mrs. (Cook Head), | ) |
| CHRISTINE Mrs (Cook Assistant), | ) |
| JOHN DOE Madison County Jail | ) |
| Maintenance, | ) |
| JOHN DOE Madison County Jail | ) |
| Maintenance, | ) |
| JANE DOE Madison County Jail | ) |
| Manitenance, | ) |
| BRADFORD Corrections Officer, | ) |
| SUMPTER Jail Commander, | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING COMPLAINT AND DIRECTING FILING
OF AMENDED COMPLAINT**

Plaintiff Dustin M. Pearson filed this civil action against Madison County

Jail (the "Jail") staff pursuant to 42 U.S.C. § 1983. Because Mr. Pearson was a

"prisoner" upon filing, this Court must screen the complaint before service on

the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is

frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To

determine whether the complaint states a claim, the Court applies the same

standard as when addressing a motion to dismiss under Federal Rule of Civil

1

Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The Court accepts Mr. Pearson's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)).

The complaint alleges that, from June 29 to September 13, 2024, Mr. Pearson was incarcerated at Madison County Jail. From July 2 to September 13, Mr. Pearson worked in the jail kitchen.

In approximately late August 2024, the jail sewage pipes became clogged on three occasions. Mrs. Dorean and Mrs. Christine ordered kitchen staff, including Mr. Pearson, to assist maintenance staff with resolving the clogs. In resolving the first clog, located in a supply closet off of the laundry room, kitchen staff became soaked in sewage water for approximately eight hours.

For the second clog, the staff was again exposed to and covered in the unclean water. This clog was located in the kitchen and dripped on kitchen workers, who were unaware that the drips were sewage water. Kitchen staff were ordered to use laundry equipment, which held fifty to seventy-five gallons of liquid, to transfer the liquid towards the river fifty yards away. Consequently, sewage and trash were dumped in the river. This strategy saved the Jail money compared to alternatives. Commander Sumpter, Officer Bradford, and three maintenance staffers were involved.

### III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint and its claims of Fourteenth Amendment conditions-of-confinement violations must be dismissed for failure to state a claim upon which relief may be granted.

First, all claims against the "John Doe" defendants are **dismissed** for failure to state a claim upon which relief may be granted. "[I]t is pointless to include [an] anonymous defendant[ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

Next, all claims against Commander Sumpter and Officer Bradford are **dismissed** for failure to state a claim upon which relief may be granted. Although Mr. Pearson alleges that they were involved in the second clog cleanup, he does not allege that they directed the cleanup, that they ordered

3

Mr. Pearson to participate, or any other specific acts by either defendant. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). Generalities—such as alleging these defendants were involved in underlying allegations, without specifics— are insufficient to support plausible clams. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) ("naked assertion[s]" devoid of "further factual enhancement" are insufficient to state a plausible claim for relief). To state a plausible claim, Mr. Pearson must allege not only *that* defendants were involved in allegedly unconstitutional conduct, but *how* they were involved.

Finally, all claims against Mrs. Dorean and Mrs. Christine are **dismissed** for failure to state a claim upon which relief may be granted. Unlike with Commander Sumpter and Officer Bradford, Mr. Pearson does specifically allege that these defendants ordered kitchen staff to assist maintenance staff with the first clog, which culminated in staff being drenched in sewage water for hours. Yet again, Mr. Pearson's allegations lack the requisite specificity for claims to proceed against Mrs. Dorean and Mrs. Christine. Mr. Pearson's allegations do not indicate that either party was present for the cleaning in the laundry area or while the kitchen staff was exposed to wastewater, that they were aware of the cleaning strategy to be employed by maintenance staff with the kitchen staff's help, or that they were aware of the dripping wastewater. They also are not alleged to have supervisory authority over maintenance staff, and Mr. Pearson's allegation that they ordered kitchen staff to assist maintenance staff

4

in another area of the Jail, without more, does not indicate Mrs. Dorean's or Mrs. Christine's personal involvement in his sewage water exposure. *See Colbert*, 851 F.3d at 657.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### IV. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow the plaintiff to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through July 6, 2026, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have

suffered and what persons are responsible for each such injury. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order, which he must use if he files an amended complaint. *See* S.D. Ind L.R. 8-1 (requiring *pro se* plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).

Any amended complaint should have the proper case number, No. 1:26-cv-00362-JPH-CSW, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED**.

Date: 6/17/2026

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DUSTIN M. PEARSON
1912 N B Street
Elwood, IN 46036

6